UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DARVENEL SANON,

    Petitioner,

v.                        Case No: 2:14-cv-613-FtM-29CM

CRAIG HANKS, Warden,

    Respondent.
_____

### ORDER OF DISMISSAL

This matter comes before the Court upon Petitioner Darvenel Sanon's ("Petitioner's") "Motion Asking Court's Permission to File a Petition for Habeas Corpus and Proceeding *In Forma Pauperis*" (Doc. 1, filed October 20, 2014). In the motion, Petitioner states that 150 days of his good time credits were revoked as the result of a disciplinary proceeding, and he was not released on his projected early release date of October 1, 2014. Id. He seeks permission to file an "emergency" petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and to bypass any requirement that he first exhaust his remedies in state court. Id. at 1. Petitioner also asks that this Court allow him to proceed *in forma pauperis* due to the fact that he was allowed to proceed *in forma pauperis* in a civil rights case filed under 42 U.S.C. § 1983 in case number 2:13-cv-427-FtM-29DNF. Id. at 2. The "motion" was construed as a petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2241.

Although the specific factual basis for the petition is unclear, Petitioner appears to challenge the disciplinary report in which his good time credits were revoked. A state prisoner may seek federal habeas review of the loss of gain time as a result of a state prison disciplinary proceeding that allegedly violates his due process rights. However, although Petitioner filed his petition pursuant to 28 U.S.C. § 2241, his petition is governed by both § 2241 and § 2254. See Medberry v. Crosby, 351 F.3d 1049, 1063 (11th Cir. 2003) (holding that both § 2241 and § 2254 apply to petitions for habeas corpus filed as § 2241 petitions where the petitioner is "in custody pursuant to the judgment of a state court" and that a § 2241 petition is governed by the restrictions set forth in 28 U.S.C. § 2254.); Smith v. Sec'y, Fla. Dep't of Corr., 432 F. App'x 843 (11th Cir. 2011) (involving § 2241 petition challenging disciplinary reports that resulted in loss of gain time, citing Medberry, and noting that because petitioner is in custody pursuant to state court judgment, "[the petitioner's] § 2241 petition was subject to § 2254"). Therefore, Petitioner's federal writ of habeas corpus will not be granted unless Petitioner has first satisfied the requirements of 28 U.S.C. §§ 2254(b) and (c) and exhausted his state court remedies.

In Florida, if a prisoner challenges a disciplinary sanction imposed by the Department of Corrections, a state petition for habeas corpus or mandamus relief to the appropriate trial court is

filed and, if unsuccessful, the prisoner seeks relief by filing a petition for certiorari review to the appropriate state appellate court. See Havlicek v. State, 804 So. 2d 601 (Fla. 5th DCA 2002) (prisoner filed petition for writ of habeas corpus asserting that Department of Corrections was without legal authority to forfeit gain time as a disciplinary punishment for his escape, and to forfeit gain time following his conviction for same escape); White v. Moore, 789 So. 2d 1118 (Fla. 1st DCA 2001) (holding that Florida District Court of Appeal reviews by certiorari an order of the circuit court acting in its appellate capacity denying an inmate's petition for writ of mandamus, challenging a disciplinary sanction imposed by the Florida Department of Corrections); Jones v. Florida Dep't of Corr., 615 So. 2d 798 (Fla. 1st DCA 1993) (holding that appropriate remedy to seek review of order denying administrative appeal of a disciplinary report against prisoner is by petition for extraordinary relief in circuit court, and if petition is denied, prisoner may then seek review of the final order of the circuit court).

Petitioner asks, without providing support or reasons for the request, that he be excused from exhausting his state court remedies and also asserts that he is currently "waiting on response from institutional grievance." (Doc. 1 at 2). Thus, it is clear from the face of the petition that Petitioner has not exhausted his grounds for relief in state court regarding the challenged

disciplinary report. In recognition of the nature of comity between the national and state sovereignties in our federal system, this Court should give the state an opportunity to consider and rule on Petitioner's claims. For this reason, this case will be dismissed without prejudice to give Petitioner the opportunity to exhaust his state court remedies. See Rose v. Lundy, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b)(1)(A); see also Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004) (holding that exhaustion is required "in all habeas cases," including those brought under § 2241).

Accordingly, it is **ORDERED:**

1. This case is **DISMISSED** without prejudice to Petitioner filing a new 28 U.S.C. § 2241 petition upon exhaustion of his claims;

2. Petitioner's request to proceed *in forma pauperis* is **DENIED**; and

3. The **Clerk of Court** is directed to terminate any pending motions, close this case, and enter judgment accordingly.

**DONE** and **ORDERED** in Fort Myers, Florida on this __22nd__ day of October, 2014.

/s/ John E. Steele
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies: Darvenel Sanon
Counsel of Record